UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MAYA ROYTLENDER,

                Plaintiff,

-against-

D. MALEK REALTY, LLC, MALEK
MANAGEMENT CORPORATION,
STAFFPRO, INC., DAVID MALEK,
and MICHAEL MALEK,

                Defendants.
-------------------------------------------------------x

VERIFIED COMPLAINT
AND JURY DEMAND

Docket No. _____

The Plaintiff, MAYA ROYTLENDER, as and for her complaint against the Defendants, D. MALEK REALTY, LLC, MALEK MANAGEMENT CORPORATION, STAFFPRO, INC., DAVID MALIK, and MICHAEL MALEK, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for damages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA") and pursuant to New York Labor Law under the doctrine of Supplemental Jurisdiction, 28 U.S.C. section 1367. Jurisdiction is invoked pursuant to 29 U.S.C. section 216(b) and 28 U.S.C. section 1331, relating to "all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. section 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

2. The unlawful employment practices alleged below have been committed within the Eastern District of New York, and venue in this Court is proper in accordance with 28 U.S.C. 1391(b).

## NATURE OF ACTION

3. This is a civil action for recovery of unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, and costs, under the provisions of section 16(b) of the FLSA and under New York Labor Law, Article 6.

## PARTIES

4. The Plaintiff, MAYA ROYTLENDER, resides at 2740 Cropsey Avenue, Brooklyn, New York.

5. Upon information and belief, the Defendant, D. MALEK REALTY, LLC (hereinafter "Malek Realty"), is a New York Limited Liability Company whose Managing Member is Defendant, DAVID MALEK, and with a principal office for the conducting of business located at 170 E. Sunrise Highway, Valley Stream, County of Nassau, New York.

6. Upon information and belief, Defendant, MALEK MANAGEMENT CORPORATION (hereinafter "Malek Management"), is a New York corporation existing under and by virtue of the laws of the State of New York, with a principal office for the conducting of business located at 170 E. Sunrise Highway, Valley Stream, County of Nassau, New York.

7. Upon information and belief, Defendant, STAFFPRO, INC., is a New York corporation existing under and by virtue of the laws of the State of New York, with a principal office for the conducting of business located at 167 Lawrence Avenue, Inwood, New York.

8. Upon information and belief, Defendant, DAVID MALEK, resides at 7 Sunset Rd., Lawrence, New York, and is the President of Defendant, MALEK

MANAGEMENT CORPORATION, and is the holder of greater than ten (10%) percent shares of MALEK MANAGEMENT CORPORATION.

9. Upon information and belief, Defendant, MICHAEL MALEK, resides at 396 Marlborough Rd., Cedarhurst, New York, and is an officer of Defendant, MALEK MANAGEMENT CORPORATION, and is the holder of greater than ten (10%) percent shares of MALEK MANAGEMENT CORPORATION.

10. At all times hereinafter mentioned, Defendants, Malek Realty, Malek Management, StaffPro, Corporation, and the individual Defendants acted as a "Joint Employer" and employed the Plaintiff as an "employee" as defined by the FLSA and applicable New York Labor Law.

11. The Defendants are each an "Employer" and are each "an enterprise engaged in commerce," as defined under the provisions of the Fair Labor Standards Act.

12. The Defendants are each an "Employer" as defined under provisions of Article 6 of the New York Labor Law.

## FACTS GIVING RISE TO THE CAUSES OF ACTION

13. The Plaintiff commenced her employment as an Office Clerical employee with the Defendants on or about October 2012.

14. On or about October 22, 2020, the Defendants terminated the Plaintiff's employment.

15. At the time that the Defendants terminated the Plaintiff's employment, they owed duly earned wages to the Plaintiff in the sum of $4,875.00, and they failed and refused, and continue to fail and refuse, to pay the Plaintiff the duly earned wages.

16.     During the last three years of the Plaintiff's employment with the Defendants, the Plaintiff was paid to work a schedule of seven days a week, from the hours of 9:00 a.m. to 5:00 p.m. on Mondays through Thursdays, from the hours of 9:00 a.m. to 1:00 p.m. on Fridays, for which she was paid a flat payment of $975 a week, which is equivalent to a straight time hourly rate of $27.86

17.     In addition to the hours that the Plaintiff worked for the Defendants as indicated in paragraph "16," above, the Plaintiff worked an additional period of hours, including overtime hours, on weekends and during weekdays, for which no compensation was paid to her by the Defendants; for hours that the Plaintiff worked beyond forty (40) hours in each week, her overtime hourly rate of pay was $41.79, although she was never paid for the overtime hours that she worked.

18.     During the 2018 calendar year, the Plaintiff worked the following monthly overtime hours in excess of forty in each week, for which she was not compensated:

| Month | Overtime hours |
| --- | --- |
| January | 146.1 overtime hours |
| February | 143.7 overtime hours |
| March | 158.5 overtime hours |
| April | 148.4 overtime hours |
| May | 181.3 overtime hours |
| June | 138.5 overtime hours |
| July | 146.4 overtime hours |
| August | 151.9 overtime hours |
| September | 133 overtime hours |
| October | 148.7 overtime hours |

    November  146  overtime hours

    December  148.4 overtime hours

19. During the 2019 calendar year, the Plaintiff worked the following monthly overtime hours in excess of forty in each week, for which she was not compensated:

    January  180.4 overtime hours

    February  148.5 overtime hours

    March   145.4 overtime hours

    April   140.6 overtime hours

    May   150.1 overtime hours

    June   138.2 overtime hours

    July   14434 overtime hours

    August  133.3 overtime hours

    September 148.1 overtime hours

    October  166.3 overtime hours

    November  152.1 overtime hours

    December  146.6 overtime hours

20. During the 2020 calendar year, the Plaintiff worked the following monthly overtime hours in excess of forty in each week, for which she was not compensated:

    January  134 overtime hours

    February  146 overtime hours

    March   156 overtime hours

    April   155 overtime hours

    May   143 overtime hours

| | | |
|---|---|---|
| June | 137.9 | overtime hours |
| July | 148.8 | overtime hours |
| August | 125 | overtime hours |
| September | 151.1 | overtime hours |
| October | 81.9 | overtime hours |

21. In addition to the unpaid overtime referred to above, the Plaintiff worked eight hours on each of the following holidays in 2018, 2019, and 2020, totaling ninety-six hours, for which she was never compensated: President's Day, Memorial Day, Labor Day, and Christmas Day.

22. During the period described in paragraphs "18," "19," and "20," above, the Plaintiff was earning an hourly wage rate of $21.86, and actually worked 4,963.5 overtime hours during that period for which the Defendants failed to pay the Plaintiff at the overtime rate of time and one-half her hourly rate, $41.79, which totals the sum of $207,424.66.

## AS AND FOR A FIRST CAUSE OF ACTION

22. The Defendants have failed to pay the Plaintiff her duly earned wages and overtime pay, as described above.

23.. By reason of the foregoing, the Defendants have breached the FLSA and are liable to the Plaintiff for its failure to so pay the Plaintiff.

24. By reason of the foregoing, the Defendants are liable to the Plaintiff for the unpaid wages, together with liquidated damages, attorney's fees, and costs in accordance with the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION

25. By reason of the foregoing, the Defendants have violated Article 6 of the New York Labor Law by its willful failure and refusal to pay to the Plaintiff her properly earned wages and benefits.

26. By reason of the foregoing, the Defendants are liable to the Plaintiff for the unpaid wages, together with liquidated damages of double the unpaid wages, attorney's fees, and costs in accordance with Article 6 of the New York Labor Law.

## AS AND FOR A THIRD CAUSE OF ACTION

27. The Defendants failed to provide written notice to the Plaintiff, at any time, as to: her rate of pay (including overtime rate of pay); how the Plaintiff is paid (by the hour, shift, day, week); regular payday; the official name of the Defendants and any other names used for business by the Defendants; and the address and phone number of the Defendants' main office or principal location.

28. By reason of the foregoing, the Defendants are liable to the Plaintiff for civil damages in the sum of $2,500.00, plus attorneys' fees and costs, pursuant to New York Labor Law Sections 195 and 198(1-d).

## AS AND FOR A FOURTH CAUSE OF ACTION

29. The Defendants failed to furnish to the Plaintiff with each payment of wages a statement that complies with the statutory requirements under New York Labor Law section 195 (3), nor has the Plaintiff received any wage statements in compliance with New York Labor Law section 195 (3).

30. By reason of the foregoing, the Defendants are liable to the Plaintiff for civil damages in the sum of $2,500.00, plus attorneys' fees and costs, pursuant to New York Labor Law Sections 195 and 198(1-d).

WHEREFORE, the Plaintiff demands judgment against the Defendants for a sum to be determined at trial for unpaid wages and benefits to be determined at trial for unpaid wages and benefits and for unreimbursed expenses incurred on behalf of the Defendants, together with an additional sum representing liquidated damages in accordance with 29 U.S.C. 216 and New York Labor Law, and costs, interests and attorneys' fees, and such other relief as to the Court seems just.

TRIAL BY JURY IS DEMANDED

Dated: Smithtown, New York
       December 19, 2020

_____
Paul L. Dashefsky
Attorney for Plaintiff
317 Middle Country Road
Smithtown, New York 11787
(631) 361-7981