UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAYA ROYTLENDER,

                              Plaintiff,

                  -against-


D. MALEK REALTY, LLC, MALEK
MANAGEMENT CORPORATION,
STAFFPRO, INC., DAVID MALEK,
AND MICHAEL MALEK

                            Defendants.
----------------------------------------------------------------X

                                                                **DECISION & ORDER**
                                                                21-cv-00052(MKB)(JMW)

**A P P E A R A N C E S:**

Paul L. Dashefsky
317 Middle Country Road
Smithtown, NY 11787
*Attorney for Plaintiff-Counterclaim Defendant*


Jonathan D. Farrell
Daniel Frank Carrascal
Larry R. Martinez
Mark A. Radi
**Meltzer Lippe Goldstein & Breitstone LLP**
190 Willis Avenue
Mineola, NY 11501
*Attorneys for Defendants-Counterclaim Plaintiffs*


**WICKS,** Magistrate Judge:

       Next up in the litany of discovery motions filed in this case[1] is Defendants and

Counterclaimants' Malek Realty, LLC, Malek Management Corporation, StaffPro, Inc., David

---

[1] As referenced in this Court's October 6, 2022, Memorandum Decision and Order, the instant motion is one of twelve discovery motions filed by the parties in this matter.

Malik, and Michael Malek ("Defendants") motion seeking to compel non-party witness Aleksandr Leontyev (a/k/a Alex Leon) ("Leontyev") to produce documents and appear for his noticed deposition. (DE 65.)

The Court assumes the parties' familiarity with the underlying facts and allegations of this case. (*See* DE 84.) As relevant here, on May 31, 2022, Defendants filed a motion seeking an order compelling non-party witness Leontyev to produce documents and appear for his depositions pursuant to FRCP 45(d). (DE 65.) According to Defendants, Leontyev is an important actor in Defendants' fraud counterclaims. (*See id.*) He is allegedly the recipient of hundreds of thousands of dollars of salary payments, but the Defendants claim he never worked for them. (*Id.*) Further, Plaintiff's bank records reflect that she cashed checks made out from Defendants to Leontyev. (*Id.*) She claims that she cashed those checks on Leontyev's behalf in order to later disburse his paycheck in cash. (*Id.*).

Plaintiff responds to the motion but appears not to oppose it. (*See* DE 67.) Plaintiff's counsel first explains that contrary to what is stated in Defendants' motion, at no time did he represent to Defendants that Leontyev confirmed service of the subpoena to Plaintiff. (*Id.*) However, Plaintiff does not assert that service was improper. (*See id.*) Next, Plaintiff alludes that Defendants have violated the Confidentiality Stipulation (DE 35) by leaving copies of Plaintiff's bank records "unsecured in a public hallway" (presumably in connection with the service of the subpoena) and by disclosing Plaintiff's depositions transcript to other non-parties. (*Id*.) However, Plaintiff does not indicate its letter seeks any affirmative relief or is intended to be a cross-motion of any kind. And so, the issue is not properly before the Court and the Court therefore refrains from ruling on it at this time.

Leontyev was served with a copy of the instant motion (DE 65-7) but did not file any opposition or response.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Service of a subpoena is governed by Rule 45(b)(1) which states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by the law."

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *Jalayer v. Stigliano*, No. CV102285 (LDH)(AKT), 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) (citations omitted). "Therefore, [t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.* (quotes omitted.)

Here, service of the subpoena was properly effectuated on Leontyev. The affidavit of service submitted by Plaintiff demonstrates that Leontyev was personally served with a copy of the subpoena and provided the required witness fee. (DE 65-5.) Specifically, Leontyev was served at an apartment address listed on the employment application of Valerie Bella Leon, an individual believed to be Leontyev's sister. (DE 65; DE 65-5.) A resident of the apartment building confirmed that Leontyev resided at that address and the process server provided photo evidence of the service. (DE 65-5.)

Further, Defendants have demonstrated the relevancy of Leontyev's testimony and document production. Leontyev was purportedly employed as a "handyman" at one of Defendants' properties from about March 2018 through March 2020. (DE 65.) His application

3

and time sheets were processed by Plaintiff.  (*Id.*)  Despite making $17/hour, Defendants' assert that Leontyev received payments from Defendants totaling upwards of $280,000 during the course of his "employment."  (*Id.*)  Defendants state that discovery has revealed checks cashed in Plaintiff's bank account payable to Leontyev.  (*Id.*)  During her deposition, Plaintiff explained Leontyev had asked her to cash his checks in her account, which Plaintiff did and then gave Leontyev the cash.  (DE 65-2.)  Remarkably, Defendants deny ever employing or issuing checks to Leontyev.  (DE 65.)  Accordingly, Defendants have shown that Leontyev is likely an integral part Defendants' claims for fraud, having received years of checks from Defendants, though ostensibly never employed by Defendants, and cashed by Plaintiff.  Therefore, an order compelling Leon's compliance with the subpoena is warranted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel Leontyev to appear for his subpoenaed deposition and produce the requested documents is hereby GRANTED.  Leontyev is directed to appear for a deposition at a date and time to be determined by the Defendants.  Defendants are directed to personally serve this Decision & Order on Leontyev and file proof of service on ECF.  In the event Leontyev does not comply with this Decision & Order in any respect, he is forewarned that the Court will consider an application for contempt under Federal Rule of Civil Procedure 45(g).

Dated: Central Islip, New York
       October 11, 2022

**S O  O R D E R E D:**

/S/ *James M. Wicks*
            James M. Wicks
       United States Magistrate Judge