```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAYA ROYTLENDER,

                            Plaintiff,                       DECISION AND ORDER
                                                              21-cv-00052(MKB)(JMW)
              -against-


D. MALEK REALTY, LLC, MALEK
MANAGEMENT CORPORATION,
STAFFPRO, INC., DAVID MALEK,
AND MICHAEL MALEK


                            Defendants.
----------------------------------------------------------------X
```

**A P P E A R A N C E S:**

Paul L. Dashefsky
317 Middle Country Road
Smithtown, NY 11787
*Attorney for Plaintiff-Counterclaim Defendant*

Jonathan D. Farrell
Daniel Frank Carrascal
Larry R. Martinez
Mark A. Radi
**Meltzer Lippe Goldstein & Breitstone LLP**
190 Willis Avenue
Mineola, NY 11501
*Attorneys for Defendants-Counterclaim Plaintiffs*

**WICKS,** Magistrate Judge:

　　The instant and unopposed motion to compel is a sequel to the one recently granted by this Court compelling non-party witness Aleksandr Leontyev (a/k/a Alex Leon) ("Leontyev") to provide testimony and documents. (*See* DE 85.) Defendants and Counterclaimants Malek Realty, LLC, Malek Management Corporation, StaffPro, Inc., David Malik, and Michael Malek

1

("Defendants") now seek to compel a similar actor in their fraudulent counterclaim saga, non-party witness Ihor Dubno ("Dubno"), to similarly provide deposition testimony and produce documents. (DE 77.)

As relevant here, Defendants assert counterclaims alleging, *inter alia*, two schemes by which Defendants believe Plaintiff Maya Roytlender stole monies: 1) through the issuance of unauthorized payroll to actual employees for hours not actually worked, and 2) through the issuance of fraudulent checks made payable to employees, purportedly for payroll, security deposit returns, and/or reimbursement of other expenses. (*See* DE 14.)

Previously, this Court issued an order compelling Leontyev to appear for his subpoenaed deposition and produce the requested documents based on his alleged role in Plaintiff's schemes. (DE 85.) Specifically, Defendants demonstrated that he received years of salary checks from Defendants at the hands of Plaintiff, though ostensibly never employed by Defendants, and that those checks were then deposited in Plaintiff's account under the guise of Plaintiff then handing the cash back to Leontyev. (*See* DE 85.)

The spotlight is now on Dubno. Here, Defendants seek testimony and documents from Dubno because, just like Leontyev, he allegedly received thousands in unauthorized checks from Plaintiff and a number of those checks were deposited into Plaintiff's own bank account. (DE 77.) Upon receipt of the issued subpoena, Dubno advised Defendants' counsel that he would not comply with the subpoena, which he indeed did not, prompting Defendants to seek the relief stated herein. (*Id.*) Neither Plaintiff nor Dubno has filed any opposition or response to the motion.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party who has properly served a subpoena "may move the court for the district where compliance is required for an order

compelling production or inspection." Service of a subpoena is governed by Rule 45(b)(1) which states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by the law."

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *Jalayer v. Stigliano*, No. CV102285 (LDH)(AKT), 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) (citations omitted). "Therefore, [t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.* (quotes omitted.)

Here, service of the subpoena was properly effectuated on Dubno. The affidavit of service submitted by Plaintiff demonstrates that Dubno was personally served with a copy of the subpoena and provided the required witness fee.[1] (DE 77-5.) Further, Defendants have demonstrated the relevancy of Dubno's testimony and document production. Dubno has been employed by Defendants as a porter since December 18, 2017, and his employment application and weekly timesheets were processed by Plaintiff. (DE 77.) According to Defendants, between December 2017 and October 2020, Plaintiff issued Dubno payroll from Defendants totaling more than $500,000 although, as a porter, Dubno's rate was $17/hour. (*Id.*) Additionally, between April 2018 and October 2020, Plaintiff issued approximately 55 unauthorized security and/or reimbursement checks to Dubno (or some variation of that name) totaling nearly $100,000. (*Id.*) Plaintiff deposited four of those checks in her own bank account. (*Id.*) Just like in Leontyev's case, Plaintiff testified in her deposition that Dubno asked her to cash his checks in her account,

---

[1] The Court notes that subsequent to the filing this motion, Defendants filed an affidavit of service for what appears to be a second subpoena on Dubno for documents only. (*See* DE 81.) The record does not reflect whether Dubno has responded to the second subpoena. Nonetheless, the second subpoena is not the subject of any motion before the Court and therefore the Court does not consider it in its analysis here.

3

which Plaintiff did, and then allegedly gave Dubno the cash.  (*Id.*)  In light of the above, Defendants have established the relevance of Dubno's testimony and documents based on his potential involvement in Plaintiff's alleged fraudulent schemes.  Accordingly, an order compelling Dubno's compliance with the subpoena is warranted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel Dubno to appear for his subpoenaed deposition and produce the requested documents is hereby GRANTED.  Dubno is directed to appear for a deposition at a date and time to be determined by the Defendants.  Defendants are directed to personally serve this Decision & Order on Dubno and file proof of service on ECF.  In the event Dubno does not comply with this Decision & Order in any respect, he is forewarned that the Court will consider an application for contempt under Federal Rule of Civil Procedure 45(g).

Dated: Central Islip, New York
       October 17, 2022

S O  O R D E R E D:

/S/ *James M. Wicks*
James M. Wicks
United States Magistrate Judge