FILED
CLERK
3/24/2023 12:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAYA ROYTLENDER,

                     Plaintiff,

         -against-


D. MALEK REALTY, LLC, MALEK
MANAGEMENT CORPORATION,
STAFFPRO, INC., DAVID MALEK,
AND MICHAEL MALEK

                     Defendants.
----------------------------------------------------------------X

**SUA SPONTE
REPORT AND
RECOMMENDATION**
21-cv-00052 (MKB) (JMW)

**A P P E A R A N C E S:**

Paul L. Dashefsky
317 Middle Country Road
Smithtown, NY 11787
*Attorney for Plaintiff-Counterclaim Defendant*

Jonathan D. Farrell
Daniel Frank Carrascal
Larry R. Martinez
Mark A. Radi
**Meltzer Lippe Goldstein & Breitstone LLP**
190 Willis Avenue
Mineola, NY 11501
*Attorneys for Defendants-Counterclaim Plaintiffs*

**WICKS,** Magistrate Judge:

      Defendants and Counterclaimants' Malek Realty, LLC, Malek Management Corporation, StaffPro, Inc., David Malik, and Michael Malek ("Defendants") move to hold nonparty Nicole Roytlender ("Nicole") in contempt for her failure to comply with this Court's October 6, 2022 Order and so-ordered subpoena for testimony and documents. (DE 94.) Nicole is Plaintiff-

1

Counterclaim Defendant Maya Roytlender's daughter. (*See* DE 71.) Defendants assert that Nicole's testimony and documents are relevant because Nicole purportedly cashed $30,000 in checks issued by the Defendants, despite the Defendants never having authorized any payment in her name, in furtherance of her mother's schemes to defraud Defendants—the subject of Defendants' counterclaims. (*Id.*; *see* DE 84.)

In accordance with 28 U.S.C. § 636(e), the following facts constituting Nicole's contempt are hereby certified and it is respectfully recommended to the Honorable Chief Judge Margo K. Brodie that Nicole be ordered to demonstrate good cause in writing by a date convenient to the Court as to why she should not be held in contempt.[1]

## I. STANDARD FOR CONTEMPT

Under Federal Rule of Civil Procedure 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Rule 45 applies to non-parties. *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report and recommendation adopted sub nom. Gov't Emp. Ins. Co. v. N. Med. Care, P.C.*, No. 1:20-CV-01214 (FB) (LB), 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021). Indeed, the court has the power to hold a non-party in contempt simply based on the failure to comply with a subpoena. *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).

---

[1] The scope of a Magistrate Judge's authority to rule on a motion to contempt is limited to certain circumstances, namely, (1) when the parties consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c) and (2) in misdemeanor proceedings under 18 U.S.C. § 3401. *See* 28 U.S.C. § 636(e)(4). In all other cases, on a motion for civil contempt, a Magistrate Judge must certify facts relevant to the issue of civil contempt to the District Judge and may order the person to appear before the district judge to show cause why they should not be held in contempt. *Giuliano v. N.B. Marble Granite*, No. 11-MD-00753 JG VMS, 2014 WL 2805100, at *1 (E.D.N.Y. June 20, 2014) (citing 28 U.S.C. § 636(e)(6)(B)(iii)).

"There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Schmidt v. Stone, No. 14-CV-2519(RJD)(CLP)*, 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019) (internal quotations and citations omitted). Due process requires that a person receive notice and an opportunity to be heard before imposing sanctions for civil contempt. *Sanchez v. Pathmark stores,* 04 Civ. 1159, 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009).

## II.   CERTIFIED FACTS

The Court certifies that a *prima facie* case for contempt against Nicole has been established. On October 20, 2021, Defendants first issued a subpoena to Nicole ordering her to appear for a deposition scheduled for December 8, 2021. (DE 71; DE 94.) That deposition did not proceed as scheduled due to outstanding discovery issues. (*Id.*)

On April 19, 2022, Defendants issue a second subpoena to Nicole ordering her to produce documents and to appear for a deposition scheduled for May 11, 2022. (*Id.*) However, apparently owing to her evasive behavior, Defendants were unable to serve Nicole until May 18, 2022. (*Id.*) Nonetheless, Nicole failed to produce the requested documents or contact defense counsel regarding her appearance for a deposition. (*Id.*)

On June 9, 2022, Defendants moved to compel Nicole to produce documents and appear for her deposition pursuant to Rule 45(d). (DE 71.) This Court granted Defendants' motion and subsequently issued a so-ordered subpoena for Nicole to appear for a deposition and to produce the requested documents on October 20, 2022. (DE 84; DE 87.) Defendants attempted to serve Nicole three times with the Court's decision and the so-ordered subpoena, but her evasive

3

behavior continued. (*See* DE 94; DE 94-5.) Ultimately, Defendants effectuated service on Nicole pursuant to "nail and mail" service as permitted under New York State Law. (DE 90-92; DE 94; DE 94-5.) Nicole was served at the address Plaintiff affirmed was Nicole's address at Plaintiff's June 14, 2022 deposition. (*See* DE 94-6.)[2] Nicole failed to appear for her scheduled deposition and did not produce any of the requested documents. (DE 94.)

On November 10, 2022, Defendants filed the instant motion for contempt. (DE 94.) Pursuant to Court order, Defendants served a copy of the motion for contempt on Nicole by First Class Mail, FedEx Overnight Delivery, and by "nail and mail" service. (DE 95-97.) Neither Nicole nor Plaintiff has filed a response.

### III.   ANALYSIS

There is no doubt that Nicole utterly failed to comply with a Court ordered subpoena by failing to object to or appear for her scheduled deposition, or to produce the requested documents. The so-ordered subpoena clearly advised Nicole that her appearance was required for a deposition at a named date, time, and location in connection with this action. (*See* DE 94-4.) Affidavits of service demonstrate that Nicole was properly served. (*See* DE 94-5.) Further, the so-ordered subpoena warns, on its face, that pursuant to Rule 45(g), the court may hold a person in contempt for their failure to comply. (*See* 94-4.) Nicole did not comply with the so-ordered subpoena or make any attempts to comply with the subpoena by, for instance, contacting defense counsel's office to reschedule the deposition or to request an adjournment of its document production deadlines. (*See* DE 94.) Nicole has not sought to quash the subpoena or file a response to this motion for contempt. Therefore, it is respectfully recommended that,

---

[2] Plaintiff testified that Plaintiff had the same address. (*Id.*) However, according to Defendants, during a subsequent deposition on November 1, 2022, Plaintiff testified that she did not know Nicole's address. (DE 94.)

unless Nicole demonstrates good cause in writing by a date convenient to the Court, the Court should hold Nicole in contempt for her failure to comply with the Court's order to appear at her deposition and produce the requested documents.

## **OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Defendant is directed to file a copy of this Report and Recommendation on Nicole Roytlender via FedEx Overnight Delivery at her last known address and file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       March 24, 2023

S O  O R D E R E D:
/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

5