UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MAYA ROYTLENDER,

              Plaintiff,

       v.                                                  2:21-cv-00052-OEM-JMW

D. MALEK REALTY, LLC, MALEK
MANAGEMENT CORPORATION,
STAFFPRO, INC., DAVID MALIK, and
MICHAEL MALEK,

              Defendants.
----------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER**

ORELIA E. MERCHANT, United States District Judge:

        On November 10, 2022, D. Malek Realty, LLC, David Malek, Michael Malek, Malek Management Corporation, and Staffpro, Inc. ("Defendants") filed a letter motion requesting that the Court hold non-party Nicole Roytlender in contempt. On March 24, 2023, Magistrate Judge Wicks issued a sua sponte Report and Recommendation (the "R&R") recommending that the pending motion for contempt be granted unless Nicole Roytlender show good cause in writing by a date convenient to the Court. Judge Wicks correctly noted that the Court had so-ordered a subpoena demanding Nicole Roytlender's appearance (So-Ordered Subpoena, ECF 94-4), that Nicole Roytlender had been properly served with said subpoena (So-Ordered Subpoena Affidavit of Service, ECF 94-5), and that Nicole Roytlender did not make any attempt to comply with said subpoena.

        The R&R directed Defendants "to file a copy of this Report and Recommendation on Nicole Roytlender via FedEx Overnight Delivery at her last known address" (R&R at 5), which

Defendants then did.  Affidavit of Service, ECF 99.  The R&R stated that failure to object within fourteen days of the date of the R&R would preclude further review.  No objections were filed.

On May 15, 2023, the Court issued an order to show cause requiring Nicole Roytlender to show cause within 30 days why she should not be held in contempt.  May 15, 2023 Order, ECF 100.  The next day, on May 16, Defendants filed an affidavit of service demonstrating that they had mailed Nicole Roytlender a copy of the Court's May 15 order to show cause.  Affidavit of Service, ECF 101.

On August 30, 2023, the Court directed the parties to file a joint letter informing the Court of the general status of discovery and the status of the deposition of Nicole Roytlender.  On September 7, 2023, the parties filed a joint letter stating that Nicole Roytlender had not yet appeared for her deposition nor contacted Defendants regarding the same.  Joint Status Report, ECF 103.

On October 17, 2023, the Court held a status conference with the parties in attendance and directed Defendants to serve Nicole Roytlender with the Court's May 15, 2023 Order pursuant to New York C.P.L.R. § 308(4).  On the same day, the Court issued a new Order that directed Nicole Roytlender to contact Defense Counsel Mark A. Radi and to file a letter responding to the Court's May 15, 2023 Order on or before November 16, 2023.  October 17, 2023 Order, ECF 104.  On October 20, 2023, Defendants filed proof of service of the same.  October 20, 2023 Letter, ECF 105.

On November 17, 2023, Defendants filed a status letter informing the Court that although Nicole Roytlender had contacted defense counsel, she had failed to schedule a date for her deposition as required by the Court's October 17, 2023 Order.  November 17, 2023 Letter, ECF

107. To date, the Court has not received a letter from Nicole Roytlender in response to the Court's Order to Show Cause.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears in Magistrate Judge Wicks' thorough and well-written decision. Accordingly, the Court adopts the R&R. The motion for contempt is granted.

It is further ordered that Nicole Roytlender shall be assessed a $250-per-diem fine beginning on the day after Defendants serve Nicole Roytlender with a copy of this Order. The fine will be assessed until Nicole Roytlender submits certification to this Court, on notice and copy to Plaintiff and Defendants, that she has appeared for her deposition. On the date, as determined by this Court, that Nicole Roytlender has fully complied with this Order, the daily civil penalty will cease and an order for Nicole Roytlender to pay the total amount accrued up to that date will be issued.

Defendants have also asked the Court to order that Nicole Roytlender pay Defendants' fees and costs incurred in moving for contempt sanctions. "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "Willfulness, for this purpose, 'merely requires a specific intent to consciously disregard an order of the court.'" *Citibank, N.A. v. McPartland*, No. 20-CV-8673

3

(ALC)(BCM), 2023 WL 4424352, at *5 (S.D.N.Y. July 7, 2023) (quoting *M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, 853 F. App'x 690, 693 (2d Cir. 2021)).

Here, Nicole Roytlender "'demonstrated [her] intent to consciously disregard the district court's order by doing absolutely nothing' to comply with it." *Id*. (quoting *M. Harvey*, 853 F. App'x at 693). Accordingly, Nicole Roytlender shall be responsible for paying Defendants' reasonable fees and costs incurred in moving for contempt sanctions. Defendants shall submit one or more declarations setting forth their reasonable fees and costs incurred in moving for contempt sanctions, attaching and authenticating counsel's time records and admissible documentation concerning out-of-pocket costs.

On the day that Nicole Roytlender and Defendants agree to a date for Nicole Roytlender's deposition, Defendants are directed to file a status report letter informing the Court of the same.

Defendants are directed to serve a copy of this Order on Nicole Roytlender pursuant to New York C.P.L.R. § 308(4), at the following address provided to the Court by plaintiff Maya Roytlender: Nicole Roytlender, 2740 Cropsey Avenue Apartment 6H, Brooklyn, New York 11214. Defendants are also directed to send a copy of this Order to Nicole Roytlender via email.

**SO ORDERED.**

                                                     /s/
                                     U.S. District Judge Orelia E. Merchant

Dated: Brooklyn, New York
        November 17, 2023.