UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAYA ROYTLENDER,

        Plaintiff,

  -against-

D. MALEK REALTY, LLC *et. al.*,

        Defendants.
------------------------------------------------------------------X

**ORDER**

21-CV-00052 (JMW)

**A P P E A R A N C E S:**

**Paul L. Dashefsky, Esq.**
317 Middle Country Road
Smithtown, NY 11787
*Attorney for Plaintiff and Counter Defendant Maya Roytlender*

Jonathan D. Farrell, Esq.
Daniel Frank Carrascal, Esq.
Mark A. Radi, Esq.
**Meltzer Lippe Goldstein & Breitstone LLP**
190 Willis Avenue
Mineola, NY 11501
*Attorneys for Defendants D. Malek Realty, LLC, Malek Management Corporation, StaffPro, Inc., David Malek, and Michael Malek*

**WICKS,** Magistrate Judge:

      What is the scope of attorney's fees and costs that can be imposed upon a non-party found in contempt for defiance of subpoenas and court orders directing her deposition?

      Plaintiff Maya Roytlender filed this action against Defendants and counterclaimants Malek Realty, LLC, Malek Management Corporation, StaffPro, Inc., David Malik, and Michael Malek ("Defendants") alleging violations of the Fair Labor Standards Act and the New York Labor Law. (ECF No. 1.) In response, Defendants filed counterclaims against Plaintiff alleging

1

she engaged in fraudulent activity, breached her fiduciary duties, and was a faithless servant. (ECF No. 14.)

Before the Court at this time is a motion for attorney's fees incurred for the failure of a non-party Nicole Roytlender ("Nicole"), Plaintiff's daughter, to comply with subpoenas and court orders directing her to appear for her scheduled deposition and produce relevant documents. (*See e.g.* ECF Nos. 94, 98, 108.) Nicole's testimony, according to Defendants, would have been particularly relevant in this case given that Nicole allegedly cashed $30,000 in checks that Defendants issued, although Defendants did not authorize such payments. (*See* ECF Nos. 71 and 84.) For the reasons stated below, Defendants' motion for attorneys' fees and costs (ECF No. 118) is granted, subject to the deductions set forth herein.

## BACKGROUND

Nicole's protracted history of evading Defendants' attempts to get her to produce documents and sit for the scheduled depositions is troubling and particularly noteworthy here. On October 20, 2021, Defendants first issued a subpoena to Nicole ordering her to appear for a deposition scheduled for December 8, 2021. (ECF Nos. 71 and 94.) That deposition did not proceed as scheduled due to outstanding discovery issues. (*Id.*)

On April 19, 2022, Defendants issue a second subpoena to Nicole ordering her to produce documents and to appear for a deposition scheduled for May 11, 2022. (*Id.*) However, Defendants were unable to serve Nicole until May 18, 2022. (*Id.*) Nonetheless, Nicole failed to produce the requested documents or contact defense counsel regarding her appearance for a deposition. (*Id.*)

On June 9, 2022, Defendants moved to compel Nicole to produce documents and appear for her deposition pursuant to Rule 45(d). (ECF No. 71.) This Court granted Defendants'

motion and subsequently issued a so-ordered subpoena for Nicole to appear for a deposition and to produce the requested documents on October 20, 2022. (ECF Nos. 84 and 87.) Defendants attempted to serve Nicole three times with the Court's decision and the so-ordered subpoena, but her evasive behavior continued. (*See* ECF Nos. 94 and 94-5.) Ultimately, Defendants effectuated service on Nicole pursuant to "nail and mail" service as permitted under New York State Law. (ECF Nos. 90-92, 94, and 94-5.) Nicole was served at the address Plaintiff affirmed was Nicole's address at Plaintiff's June 14, 2022 deposition. (*See* ECF No. 94-6.) Nicole failed to appear for her scheduled deposition and did not produce any of the requested documents. (ECF No. 94.)

On November 10, 2022, Defendants filed a motion for contempt. (ECF No. 94.) Pursuant to Court order, Defendants served a copy of the motion for contempt on Nicole by First Class Mail, FedEx Overnight Delivery, and by "nail and mail" service. (ECF Nos. 95-97.) Neither Nicole nor Plaintiff filed a response.

On March 24, 2023, the undersigned issued a *sua sponte* Report & Recommendation finding that (1) the order for Nicole to appear for her deposition and produce the required relevant documents was "clear and unambiguous"; (2) there was clear proof of her non-compliance; and (3) she was not diligent in attempting to appear for the deposition and indeed had not contacted Defendants' counsel's office to reschedule the deposition, adjourn the document production deadlines, or otherwise move to quash the subpoena. (ECF No. 98.) The undersigned recommended that "unless Nicole demonstrate[d] good cause in writing by a date convenient to the Court, the Court should hold Nicole in contempt for her failure to comply with the Court's order to appear at her deposition and produce the requested documents." (*Id.* at 5.) Chief Judge Margo K. Brodie subsequently ordered Nicole to show cause within thirty days as to

3

why she should not be held in contempt for failure to comply with the Court's order to appear for a deposition and produce documents. (ECF No. 100.) Both the Report & Recommendation and Judge Brodie's Order were served on Nicole. (ECF Nos. 99 and 101.) Nicole neither filed an objection to the Report & Recommendation nor a response to Judge Brodie's Order to Show Cause.

On September 7, 2023, Defendants filed a status report detailing that Nicole's deposition was still outstanding and requested assistance in enforcing the subpoena concerning her deposition and production of documents. (ECF No. 103.) On October 17, 2023, the Hon. Orelia E. Merchant[1] ordered Nicole to contact Defendants' counsel to schedule a date for her deposition by November 16, 2023 and respond to Judge Brodie's order to show cause by November 16, 2023. (ECF No. 104.) Nicole was forewarned that failure to respond could result in an imposition of contempt and/or monetary sanctions. (*Id.*) In accordance with the Judge Merchant's Order requiring service of documents upon Nicole, Defendants filed proof of service of Judge Brodie's and Judge Merchant's orders and stated that service was effectuated upon a "Jane Doe" who refused to identify herself. (ECF No. 105.)

On November 1, 2023, the undersigned held a status conference with the parties and extended the close of all discovery to November 17, 2023 in light of Nicole's pending deposition. (ECF No. 106.) Judge Merchant subsequently ordered that Defendants are directed to file a letter as to whether Nicole contacted counsel to schedule her deposition. (Electronic Order dated Nov. 17, 2023.) Defendants filed a report requesting the Nicole be found in contempt and impose monetary sanctions against her for her failure to comply with Judge Merchant's Order. (ECF No. 107.) Counsel further stated that on November 15, 2023, Nicole

---

[1] This case was reassigned from Judge Brodie to Judge Merchant on December 1, 2023. (ECF No. 111.)

4

emailed counsel claiming she was never served and requested they email the information being requested. (*Id.*) Counsel responded that day and sent Nicole the subpoena and court orders and a request for her availability for a deposition. (*Id.*) However, Nicole did not respond or provide her availability, even despite counsel's subsequent attempts to contact her. (*Id.*) Judge Merchant later adopted the undersigned's Report and Recommendation, finding Nicole in contempt, noting that Nicole was given clear notice of the scheduled depositions. (ECF No. 108.) Judge Merchant further ordered that Nicole

> shall be assessed a $250-per-diem fine beginning on the day after Defendants serve Nicole Roytlender with a copy of this Order. The fine will be assessed until Nicole Roytlender submits certification to this Court, on notice and copy to Plaintiff and Defendants, that she has appeared for her deposition. On the date, as determined by this Court, that Nicole Roytlender has fully complied with this Order, the daily civil penalty will cease and an order for Nicole Roytlender to pay the total amount accrued up to that date will be issued.

(*Id.*) Judge Merchant also stated that Nicole is "responsible for paying Defendants' reasonable fees and costs incurred in moving for contempt sanctions" and directed Defendants to submit declarations setting forth those monies. (*Id.*) Defendants served Nicole a copy of the Order. (ECF No. 109.)

The parties then consented to the undersigned for all purposes (ECF No. 111) and Defendants' filed the instant motion attorneys' fees and costs (ECF No. 118). The motion was served upon Nicole. (ECF No. 118-5.) The undersigned also ordered that Nicole be given the opportunity to oppose the motion for attorneys' fees. (Electronic Order dated Feb. 17, 2024.) Notwithstanding service of a copy of that Order (ECF No. 119), Nicole has neither filed an opposition to the motion nor appeared for the anticipated deposition. The motion is therefore considered uncontested and ripe for decision.

**DISCUSSION**

I. **Attorneys' Fees**

A. **Entitlement to Attorneys' Fees**

In this case, Defendants seek all reasonable attorneys' fees and costs "incurred in connection with their attempts to enforce the Court's orders and motion for contempt," including fees for drafting the instant fee application. (ECF No. 118 at 5.) The Court must first determine whether Defendants are entitled to such wide-ranging attorneys' fees and costs, reaching far beyond the filing of the contempt motion itself.

Fed. R. Civ. P. 45(g) states that "[t]he court for the district where compliance is required…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Thus, this rule "is silent on what types of sanctions are available and instead relies on the Court's inherent authority." *Concepts Nrec, LLC v. Xuwen Qiu*, No. 20-cv-00133-gwc-kjd, 2024 U.S. Dist. LEXIS 88542, at *40 (D. Vt. Mar. 22, 2024) (internal citations omitted); *see also Davis v. Speechworks Int'l, Inc.*, No. 03-CV-533S(F), 2005 U.S. Dist. LEXIS 42527, at *12 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization.").

"Sanctions may be appropriate under Rule 45 if a nonparty is declared in contempt on the basis of its failure to comply with subpoena." *Davis,* 2005 U.S. Dist. LEXIS 42527 at *13. Imposing civil contempt sanctions should (1) "coerce compliance with a court order" or (2) compensate a party. *Gesualdi v. Hardin Contr. Inc.,* No. 09-cv-0683 (SJF) (AKT), 2016 U.S.

6

Dist. LEXIS 60533, at *5-6 (E.D.N.Y. May 6, 2016) (granting plaintiffs' request to recover reasonable fees and costs related to securing the production of subpoenaed documents and the contemnor's appearance at a deposition).  Where, as here, the purpose of the sanctions is compensatory, and not intended to bring about the contemnor's compliance, "the order should be fashioned so as to reimburse the injured party for his actual damages." *Concepts Nrec, LLC*, 2024 U.S. Dist. LEXIS 88542 at *40; *Al Hirschfeld Found. v. Margo Feiden Galleries, Ltd.*, 438 F. Supp. 3d 203, 207 (stating that compensatory sanctions are designed to "make reparation[s] to the injured party and restore the parties to the position they would have held had the order been obeyed") (internal citations omitted).  Among the sanctions to be awarded to a victim are attorneys' fees and costs, with a finding of "willfulness [weighing in favor of] granting them." *Concepts Nrec, LLC*, 2024 U.S. Dist. LEXIS 88542 at *41.  In addition, an award of attorneys' fees for prosecution of a contempt motion "is appropriate only where the contemnor had actual notice of the Court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001).

In *Erickson v. Builder Advisor Grp. LLC*, No. 22-mc-80094-JST, 2023 U.S. Dist. LEXIS 90182 (N.D. Cal. Feb. 3, 2023), despite being served with notices and court orders, defendant failed to respond to the subpoena *duces tecum*, the motion to compel, the following order to show cause why the court should not impose contempt sanctions under Rule 45, and the motion for attorneys' fees and costs. *Id*. at *1-3.  The *Erickson* court found that defendant's constant failure to respond to motions or court orders demonstrated bad faith. *Id*. at *4.  Accordingly, the court stated it could "order attorney's fees and costs as either a sanction for [defendant's] contempt or as a sanction for [defendant's] failure to comply with the order compelling

7

compliance with the subpoena pursuant to the Court's inherent authority." *Id*.at *4. Upon reducing the requested amount, the court ultimately awarded fees and costs in connection with the motion practice related to defendant's contempt, including the underlying motion to compel, and serving related filings upon defendant. *Id*. at *6-8.

In this case, Judge Merchant has already adopted the undersigned's R&R finding that Nicole was in civil contempt. (ECF No. 108.) In addition, Judge Merchant, already determined that Defendants were entitled to coercive sanctions—that is, a daily fine of $250 beginning on the day after Defendants serve Nicole with a copy of her Order until the date Nicole certifies to the Court that she appeared for the deposition. (*Id*. at 3.) Notably, Judge Merchant also found that because Nicole consciously disregarded court orders, Nicole would "be responsible for paying Defendants' reasonable fees and costs incurred in moving for contempt sanctions" and ordered Defendants to submit declarations and time records regarding the same. (*Id*. at 4.) To date, and like *Erickson,* Nicole has not opposed *any* of Defendants' motions nor has she responded to any of the above Court orders, notwithstanding being given ample notice. Defendants' move for fees and costs in connection with their attempts to secure Nicole's compliance and for the motion for contempt, and cases confirm that Defendants *are* entitled to such compensatory sanctions for Nicole's misconduct. *See e.g. United Fabrics Int'l, Inc. v. Metro 22, Inc*., No. 16-mc-00253 (JGK), 2016 U.S. Dist. LEXIS 149146, at *4 (S.D.N.Y. Oct. 27, 2016) (awarding attorneys' fees of $2,250 related to plaintiff's attempts to secure respondents' compliance with court's order granting plaintiff's motion to compel); *Chere Amie, Inc.,* 175 F. Supp. 2d at 568 (finding that plaintiff was entitled to attorneys' fees for defendant's willful contempt); *Gucci America, Inc. v. Li*, No. 10-cv-4974 (RJS), 2015 WL 7758872, at *4

8

(S.D.N.Y. Nov. 30. 2015) (explaining that attorneys' fees may be awarded "where a party or a non-party willfully fails to comply with a subpoena").

For these reasons, the Court finds that Defendants' counsel is entitled to fees and costs related to the motion for contempt and attempts to ensure Nicole complied with Court orders. The Court next determines the amount of fees and costs to which counsel is entitled.

### B. Reasonableness of Fees

In connection with Defendants' attempts to enforce the Orders against Nicole and the related motion for contempt, Defendants' counsel seek $20,108.21. (ECF No. 118 at 5.)

Courts have "broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011). "Where adequate records are not submitted, the court may deny fees altogether or reduce the award." *See Entral Group Int'l, LLC v. New York One Café, Inc.*, No. 05-CV-1655 (CPS) (VVP), 2007 U.S. Dist. LEXIS 99020, at *26-27 (E.D.N.Y. Mar. 5, 2007). "[A] party moving for attorneys' fees must [also] provide the credentials law school matriculation, practice area, and years of experience in the relevant

9

practice area to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018).

Upon review of all of these documents, "[t]he court must assess whether the hours expended by [] counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation." *See Nuriddinov v. Masada III, Inc.*, No. 15-CV-5875, 2017 WL 9253401, at *12 (E.D.N.Y. July 24, 2017), *report and recommendation adopted*, 2018 WL 1251335, at *1 (Mar. 12, 2018). With this framework in mind, the undersigned reviews Defendants' counsel's submissions.

    a. **Hourly Rates**

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte,* No. 13-cv-6111 (CBA) (LB), 2014 U.S. Dist. LEXIS 196448, at *10-11 (E.D.N.Y. Aug. 11, 2014) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)). In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates.").

Here in the Eastern District of New York, hourly rates appear to "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience." *Perrone v. Amato*, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb.

10

27, 2022); *Guinea v. Garrido Food Corp.*, No. 19-CV-5860 (BMC), 2020 U.S. Dist. LEXIS 5476, at *4-5 (E.D.N.Y. Jan. 11, 2020) (finding that "rates of "$350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time . . . are reasonable and consistent with rates allowed in this district."); *DeLeon v. Preschool of Am., Inc.*, No. 15-CV-5239 (VSB), 2018 U.S. Dist. LEXIS 93635, at *4 (S.D.N.Y. June 1, 2018) (finding a $300 hourly rate for of counsel to be in line with rates typically awarded in S.D.N.Y.); *Jones v. Pawar Bros. Corp.*, No. 17-CV-3018 (PKC) (SJB), 2023 U.S. Dist. LEXIS 170688, at *22 (E.D.N.Y. Sept. 25, 2023) ("Hourly rates for senior associates in this District range from $200-$325.") (internal citations omitted); *Jacome v. Optical 49, Inc.*, No. 20-CV-2615 (DG) (PK), 2022 U.S. Dist. LEXIS 47150, at *6 (E.D.N.Y. Mar. 15, 2022) (awarding of counsel attorney with a decade of experience a $325 hourly rate in FLSA case); *Perez v. Rossy's Bakery & Coffee Shop, Inc.,* No. 19-cv-8683 (SLC), 2021 U.S. Dist. LEXIS 61289, at *29-30 (S.D.N.Y. Mar. 30, 2021) (stating that "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this District" and awarding an hourly rate of $125 for paralegals).

      Here, counsel's firm consists of nearly 80 attorneys and is well-versed in labor and employment law, representing clients of various sizes and in many different industries.  (ECF No. 118 at 7.)  Mark Radi is of counsel at the firm since 2022 and his hourly rate in 2022 was $390, later increased to $400 in 2023.  (ECF No. 118 at 5, 7.)  Radi is a seasoned litigator in employment law and has been practicing for nearly 20 years.  (*Id.* at 7.)  He was also a former partner at another firm for 13 years, concentrating heavily on civil rights and employment cases.  (*Id.*)  Radi holds a J.D. from Hofstra University School of Law and an M.B.A. in Finance from Hofstra University Zarb School of Business.  (*Id.* at 7-8.)

      Daniel Carrascal is an associate at the firm since 2020 in its Labor & Employment group.

11

(ECF No. 118 at 8.)  He was a former associate at another law firm in Garden City, New York for three years, focusing on labor and employment matters.  (*Id.*)  Carrascal holds a J.D. from Hofstra University School of Law and a Master of Science in Hospitality Management from Florida International University.  (*Id.*)  He charged $295 per hour in 2022 and $355 per hour in 2023.  (*Id.* at 6.)

Yvonne Blaise, the paralegal working on this matter, has over 30 years of experience and has been employed with the firm for more than 20 years.  (ECF No. 118 at 8.)  She holds a paralegal certification from Adelphi University.  (*Id.*)  Her hourly rate in 2022 was $275 and $325 in 2023.  (*Id.*)

The Court assigns rates commensurate with those ordinarily assigned to of counsel, mid-level to senior-level associates, and paralegals in this District:

- **Mark Radi**: $350 per hour for 2022 and $400 for 2023
- **Daniel Carrascal**: $275 per hour for 2022 and $300 for 2023
- **Yvonne Blaise**: $175.00 per hour for both 2022 and 2023

Additionally, there are no credentials provided for paralegal Maria Whiteman and Larry Martinez, who appears to be a lawyer because his name bears the suffix "Esq." in the billing records.  (*See e.g.* ECF No. 118-3 at 40); *Desly Int'l Corp.*, 2018 WL 4522081 at *8 n.11. (noting that movants for attorneys' fees "must provide the credentials law school matriculation, practice area, and years of experience in the relevant practice area to substantiate the requested hourly rate for each individual").  The Court has no method of determining what rates to assign to Whiteman and Martinez because it has no information on their education or employment history.  Accordingly, the Court eliminates all 2.3 hours worked for both of these individuals. *See Marquez v. Reed*, No. 10-CV-6360, 2013 WL 2458640, at *1 (W.D.N.Y. June 6, 2013)

12

("The determination of what constitutes a reasonable hourly rate . . . requires the submission of information concerning the credentials or experience of counsel applying for fees.") (internal citations omitted); *Volman v. Peri Peri 2 LLC*, No. 21-CV-4449 (RPK)(RER), 2022 U.S. Dist. LEXIS 247845, at *18 (E.D.N.Y. Aug. 16, 2022), *report and recommendation adopted by*, 2022 U.S. Dist. LEXIS 247858 (E.D.N.Y. Aug. 31, 2022) (reducing counsel's fee in part because he failed to describe his credentials in detail which is "part of a proper application for attorney's fees").

The Court next looks to whether the hours requested are reasonable.

### b. Number of Hours Expended

Counsel states that they have expended 65.8 hours in attempts to gain Nicole's compliance (ECF No. 118 at 6), and although their efforts total $22,792.50, they only request $17,898.50. (*Id.*)

The Court recognizes that this case began as an FLSA case against Defendants but morphed into a complex case involving counterclaims of fraud which consisted of "the acquisition, review, analysis, and production of approximately 13,000 documents." (ECF No. 118 at 9.) Upon review of these documents, including bank records, Defendants found that Nicole had been implicated in Plaintiff's scheme and sought to depose her. (*Id.*) Thereafter, counsel made several attempts to both depose her and sought to have her produce relevant documentation, but their attempts were all unsuccessful. (ECF No. 118 at 9-10.)

However, even despite counsel's proactive deductions and Defendants' counsel's extensive work on this matter, there are still entries that warrant reduction for several reasons. *First*, both Blaise and Carrascal spent time compiling/organizing documents for electronic filing, downloading documents, or otherwise calendaring dates in the firm's internal system. (*See* ECF

13

No. 118-3); *see Siegel v. Bloomberg L.P.*, No. 13-CV-1351, 2016 U.S. Dist. LEXIS 38799, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("With respect to tasks that are 'purely clerical,' such as downloading, scanning, or copying documents and organizing files, such work is generally not compensable, whether performed by an attorney or a paralegal."). These administrative entries will be assigned an hourly rate of $100. *See Garcia-Severino v. TDL Restoration, Inc.*, No. 18-CV-11401 (CS), 2020 U.S. Dist. LEXIS 231506, at *11 (S.D.N.Y. Dec. 9, 2020) (attributing a $100 hourly rate for administrative or clerical work). *Second*, there are several entries which list the time expended for a particular task, but the respective hourly rate is redacted. Therefore, the Court *deducts* these entries from the fee award altogether. *Third*, Radi, Carrascal, and Blaise often double and even triple billed for reviewing certain Court notifications and orders. In lieu of applying an across-the-board reduction for all fees, the Court applies the highest rate of those billed to these tasks and counts them only once in its calculation. *See Garcia v. Sbku Servs.*, No. 17-CV-3130 (JMA) (ARL), 2021 U.S. Dist. LEXIS 36827, at *7-8 (E.D.N.Y. Feb. 25, 2021) (collecting cases regarding double billing and applying an across-the-board 35% reduction for duplicate billing). *Finally*, because the Court is hamstrung as to what rate to award Whiteman and Martinez, all work performed by them has been deducted.

      Below is a summary of the rates and hours awarded per individual that worked on this matter:

| Attorney/Paralegal | Year | Requested Rate | Approved Rate | Requested Hours *per Billing Records* | Approved Hours | Approved Hours X Approved Rate |
|---|---|---|---|---|---|---|
| Mark Radi | 2022 | $390 | $350 | 2.9 | 2.9 | $1,015 |
| | 2023 | $400 | $400 | 20 | 20 | $8,000 |
| Daniel Carrascal | 2022 | $295 | $275 | 11.4 | 9.6 | $2,640 |
| | 2023 | $355 | $300 | 8.5 | 6.3 | $1,890 |
| Yvonne Blaise | 2022 | $275 | $175 | 10.4 | 9 | $1,575 |
| | 2023 | $325 | $175 | 3.5 | 3.2 | $560 |
| Maria Whiteman | 2022 | $220 | $0 | .4 | 0 | $0 |
| | 2023 | $240 | $0 | .4 | 0 | $0 |
| Larry Martinez | 2022 | $375 | $0 | 1.5 | 0 | $0 |
| Clerical Tasks | -- | | $100 | 0 | 2.3 | $230 |
| TOTAL | | | | 59[2] | 53.3 | $15,910 |

## II.     Costs

Defendants' counsel requests $2,209.71 in costs. A party can typically recover "[c]osts relating to filing fees [and] process servers[.]" *Feltzin v. Union Mall LLC*, 393 F.Supp.3d 204, 219-20 (E.D.N.Y. 2019) (internal quotation marks omitted). A request for costs must be supported by adequate documentation. *Id*. (collecting cases requiring appropriate documentation or receipts for costs). "[T]he party moving for costs bears the burden of demonstrating the

---

[2] Note that the true number of hours actually expended by counsel and personnel was 65.8. However, Defendants' counsel have proactively reduced Blaise's hourly rate, do not seek reimbursement for various entries, and have cut 9.1 hours of attorney and paralegal work. (*See* ECF No. 118 at 6).

15

reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Id*. (internal quotation marks omitted). "[T]he decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Swiatkowski v. Citibank as Citigroup*, 745 F. Supp. 2d 150, 174 (E.D.N.Y. 2010) (quoting *Cosgrove v. Sears, Roebuck, Co*., 191 F.3d 98, 102 (2d Cir. 1999)).

Here, the Court has received the documentation submitted by counsel with respect to costs sought. These records reflect a total of $2,209.71 in costs incurred, all of which are ordinarily recoverable and include costs for the service on Nicole for a multitude of subpoenas, correspondences, and Orders. (ECF No. 118 at 6; ECF No. 118-4.) Defendants also request reimbursement of private investigator costs needed to locate Nicole upon her evasion of the service of the subpoena.[3] (*Id.*) Thus, Defendants' request for $2,209.71 in costs is granted. *See Taveras v. Northeast Landscape & Masonry Ass'n,* No. 16-cv-00834 (CS) (JCM), 2018 U.S. Dist. LEXIS 217975, at *32 (S.D.N.Y. Dec. 28, 2018) (recommending an award of over $2,000 for filing, process server, and delivery charges); *Jones v. Pawar Bros. Corp.,* No. 17-CV-3018 (PKC) (SJB), 2023 U.S. Dist. LEXIS 170688, at *37 (E.D.N.Y. Sept. 25, 2023) (finding movant fully substantiated request for costs and awarding costs for, *inter alia,* "serving process and subpoenas" and "travel related to discovery").

---

[3] Defendants do not seek costs associated with postage and copying. (ECF No. 118 at 6.)

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees and costs (ECF No. 118) is granted in the total amount of $18,119.71.  On or before **June 14, 2024**, Defendants are directed to serve a copy of this Order upon Nicole Roytlender and file proof of service of same.

Dated: Central Islip, New York
       June 10, 2024

S O   O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge