UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAYA ROYTLENDER,

        Plaintiff,

    -against-

D. MALEK REALTY, LLC *et. al.*,

        Defendants.
-------------------------------------------------------------------X

**OPINION
AND ORDER**

21-CV-00052 (JMW)

**A P P E A R A N C E S:**

    **Paul L. Dashefsky, Esq.**
    317 Middle Country Road
    Smithtown, NY 11787
    *Attorney for Plaintiff and Counter Defendant Maya Roytlender*

    Jonathan D. Farrell, Esq.
    Daniel Frank Carrascal, Esq.
    Mark A. Radi, Esq.
    **Meltzer Lippe Goldstein & Breitstone LLP**
    190 Willis Avenue
    Mineola, NY 11501
    *Attorneys for Defendants and Counterclaims D. Malek Realty, LLC, Malek Management Corporation, StaffPro, Inc., David Malek, and Michael Malek*

**WICKS,** Magistrate Judge:

    Plaintiff and Counter Defendant Maya Roytlender initially sued Defendants and Counter Plaintiffs, Defendants D. Malek Realty, LLC ("D. Malek Realty"); Malek Management Corporation ("Malek Management"); StaffPro, Inc. ("StaffPro"); David Malek; and Michael Malek (collectively, "Defendants") for various violations of the Fair Labor Standards Act, FLSA, 29 U.S.C. 201, *et seq.* and the New York Labor Law. However, Defendants subsequently filed their own counter claims, alleging Plaintiff engaged in fraud and breached her fiduciary duty and additionally asserted the faithless servant doctrine. The Court granted Defendants'

1

motion for summary judgment, dismissing Plaintiff's claims, and awarding judgment on liability and damages of $1,139,664.03 on Defendants' counterclaims. (ECF No. 132.) It further directed the parties to file letter briefs addressing Defendants' entitlement to and the amount of pre-judgment interest. (*Id*.)

The parties have filed their respective letter briefs and now before the Court is Defendants' request for prejudgment interest (ECF No. 133) which is opposed by Plaintiff (ECF No. 134). Thus, the only issue before the Court is the amount of mandatory pre-judgment interest to which Defendants are entitled from Plaintiff. For the reasons set forth herein, Defendants' motion is **GRANTED in part**.

## THE PARTIES' CONTENTIONS

Defendants argue that they are entitled to prejudgment interest on the $1,139.664.03 in fraud damages. As to the date of the interest to be awarded, Defendants state that the earliest ascertainable date for the fraud cause of action against Plaintiff was January 27, 2017, which was when Plaintiff issued a check in employee Aaron Lazar's name for $559.61 that was subsequently deposited in her own account. (ECF No. 133 at 2.) The damages however accrued thereafter up until her termination in October 2020 and the median date of accrual of these damages is October 28, 2020. (*Id*.) Therefore, Defendants request prejudgment interest at 9% in the amount of $384,983.70 calculated from October 28, 2020 through the date judgment was entered—July 29, 2024. (*Id*.)

Plaintiff does not dispute the median date suggested by Defendants. However, Plaintiff opposes the total amount, stating that the Travelers Insurance amount of $750,000 paid out should be deducted from the calculation of prejudgment interest to be awarded to Defendants. (ECF No. 134.) Defendants however respond that the Travelers insurance monies must be repaid to Travelers. (ECF No. 135.) Nevertheless, Travelers awarded this money to Defendants

2

because Plaintiff was found liable for stealing *all* those monies and should be directed to pay those monies stolen plus the mandatory interest on it. (*Id.*)

## DISCUSSION

### A. Legal Standard

Defendants are entitled to pre-judgment interest on damages. *See Brown v. Stinson*, 821 F. Supp. 910, 916 (S.D.N.Y. 1993) (finding that pre-judgment interest was mandatory in the fraud case even if it was not requested by the movant). "Under New York law, awarding prejudgment interest on damages awarded for fraud is mandatory." *Bolivar v. Fit Int'l Group Corp.*, 12cv781 (PGG) (DF), 2017 U.S. Dist. LEXIS 39887, at *62 (S.D.N.Y. Mar. 16, 2017) (quoting *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1166 (E.D.N.Y. 1996)). Since the claims arise under state law, in New York Plaintiff is entitled to pre-judgment interest on the damages from the time of the misconduct, at a rate of nine percent per annum. *See* N.Y. C.P.L.R. §§ 5001, 5004.

### B. Application

Defendants were paid $750,000 in insurance monies as a result of their submission of proof of Plaintiff's fraud. (ECF No. 123-73.) Specifically, Defendants received monies for Plaintiff's issuing fake checks and payroll to both Dubno and Leontyev. (*Id.*) However, at Oral Argument, Defendants conceded that if damages were awarded, the Travelers' payments would reduce the total monies to be awarded to them. (*See* Oral Argument Tr. at 17) (Defs.' Counsel: "With respect to the Travelers Insurance payment, I'm fairly certain that they are going – if they get a judgment, defendants are required to pay that money back, so that's an issue that is completely irrelevant here." Court: "Okay. It becomes an offset." Defs' Counsel: "Yeah.")

Given that the Court has already established Defendants' entitlement to prejudgment interest, the issue between the parties is whether the Travelers Insurance payment should be

3

reduced from the prejudgment interest to be paid to Defendants. Neither party provides support for the addition or reduction of the $750,000 Travelers Insurance payment into the pre-judgment interest calculation. However, because the insurance payment will effectively be returned to Travelers upon being reduced from the total damages awarded to Defendants, the prejudgment interest should *exclude* the $750,000 insurance payment from the $1,139.664.03 damages award. Though courts have not opined on the issue in the fraud context, some courts in this Circuit have ruled similarly: *In re September 11 Litig.*, 649 F. Supp. 2d 171, 172 (S.D.N.Y. 2009) ("New York State law reduces the recovery of a tort claimant by the amount of collateral source payments that he has received. For example, if a tort claimant was insured for the risk upon which he sues, his insurance recovery is deducted from any judgment that he recovers from the tortfeasor."); *World Trade Center Props. LLC v. American Airlines, Inc. (In re September 11 Litig.)*, 802 F,3d 314, 344 (2d Cir. 2015) ("[T]he district court should perform the insurance setoff *before* calculating the prejudgment interest.") (emphasis in original); *see also Wynstream Holdings Ltd. v. Liberty Mut. Ins. Co.*, 23-CV-719-JLS(LGF), 2024 U.S. Dist. LEXIS 103963, at *18-19 (W.D.N.Y. June 11, 2024) (finding that plaintiffs could recover interest on their claims if plaintiffs could establish that they reserved their right to the interest when the insurance payments were made).

    Accordingly, Defendants are entitled to the prejudgment interest with an accrual date of October 28, 2020 through July 29, 2024 and shall exclude the $750,000 Travelers Insurance payment. The interest should be calculated as follows:

| Interest | 9% |
|---|---|
| Median Date | October 28, 2020 |
| Days between median date and judgment on July 29, 2024 | 1,370 days |
| Interest per day ($389,664.03 X 0.09/365) | $96.08 |
| **Interest Owed ($96.08 X 1,370 days)** | **$131,631.71** |

## CONCLUSION

For the reasons stated above, Defendants' motion for prejudgment interest is granted in part. (ECF No. 133.) Plaintiff shall pay Defendants $131,631.71 in prejudgment interest.

Dated: Central Islip, New York
       September 4, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge